IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHEILA WAKEFIELD,

    Plaintiff,

vs.

CHILDREN'S HOSPITAL,

    Defendant.

Case No. C2-06-1034
Judge Edmund A. Sargus, Jr.
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

Plaintiff, Sheila A. Wakefield, asserts that her previous employer, Children's Hospital, and her supervisors discriminated against her on the basis of her race, age, color, and national origin. She also alleges that her former employer created a hostile work environment, and wrongfully terminated her in retaliation for filing a complaint with the Equal Employment Opportunity Commission. This matter is before the Court for consideration of the second Motion to Dismiss filed by Defendants Children's Hospital, Renee Wolfe, Janet Berry, Rick Miller, Keith Goodwin, Peggy Baker, Josette Alexander, and Carol Wagner. For the reasons that follow, the Motion is granted in part and denied in part.

### I.

The Court has previously set forth the facts of this case in detail, and provides additional background here as is necessary to place the legal issues in context. These facts are drawn, and accepted as true, from Plaintiff's First Amended Complaint ("Amended Complaint"). The Court again has considered all of the relevant pleading documents, including Plaintiff's charges of discrimination filed with the Ohio Civil

Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC").[1]

Plaintiff is an African-American female. She began her employment with Children's Hospital on February 4, 1974. (Pl.'s Am. Compl. ¶ 7.) Before her employment was terminated, Plaintiff worked as a receptionist in the family waiting room of the Hospital. During the course of her tenure at the Hospital, she received recognition for her outstanding job performance. (*Id.* at ¶ 7.)

On December 8, 2004, Plaintiff filed a charge of racial discrimination with the EEOC against Children's Hospital. (*Id.* at ¶ 6B.) The charge was referred to the OCRC. Plaintiff alleged that Defendant Wolfe, her supervisor, denied her breaks, refused to permit time off work, harassed and discriminated against her on account of her race. (*Id.* at ¶ 14.) On July 14, 2005, the OCRC issued a decision finding probable cause to believe that Children's Hospital had engaged in unlawful discriminatory practices in violation of Ohio Revised Code Chapter 4112.[2] (Doc. # 33-3.)

On August 18, 2005, Plaintiff filed a second charge alleging that Children's Hospital gave her a poor job performance review and discharged her in retaliation for filing the previous charge of discrimination. (Doc. # 33-4.) On June 22, 2006, the OCRC issued a "No Probable Cause" finding. Plaintiff filed a request for reconsideration, which

---

[1] Upon reviewing a motion to dismiss, a court ordinarily may not consider matters outside the pleadings. Documents attached to a motion to dismiss are considered part of the pleadings, however, "if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)). Although Plaintiff did not submit copies of her Right to Sue letters or copies of the administrative discrimination charges with her Amended Complaint, the Court may properly consider these documents without converting Defendants' Motion to Dismiss to one for summary judgment, because Plaintiff specifically references these documents in her Amended Complaint.

[2] On July 25, 2005, Children's Hospital filed a request for reconsideration. The EEOC denied the request, and, on October 5, 2005, issued a Complaint and Notice of Hearing on all of Plaintiff's claims.

the EEOC denied. On September 11, 2006, the EEOC dismissed Plaintiff's August, 2005 charge of discrimination and issued a Notice of Right to Sue. (Doc. # 33-6.)

Plaintiff filed a *pro se* Complaint on December 13, 2006, asserting four causes of action: (1) race discrimination; (2) race-based harassment and hostile work environment; (3) retaliatory/wrongful discharge; and (4) age discrimination. Defendant Children's Hospital moved to dismiss Plaintiff's race discrimination, race harassment and age discrimination claims under Fed. R. Civ. P 12(b)(1) on the grounds that the Court lacked subject matter jurisdiction. Defendants Wolfe, Miller, Baker, Alexander and Goodwin moved to dismiss Plaintiff's Complaint in its entirety. On September 17, 2007, the Court granted Defendants' Motion to Dismiss in part. Specifically, the Court dismissed Plaintiff's age discrimination claim under the Age Discrimination in Employment Act without prejudice because Plaintiff had failed to exhaust the claim through the EEOC or the OCRC. Additionally, the Court granted the Individual Defendants' Motions to Dismiss in part as they related to Plaintiff's federal claims under Title VII and the ADEA because these statutes do not permit employees and supervisors to be sued in their individual capacities.

Plaintiff thereafter obtained counsel to assist with the prosecution of her case. On January 17, 2008, Plaintiff filed an Amended Complaint, alleging ten causes of action: (1) violation of Plaintiff's Constitutional rights of free speech, equal protection and due process under 42 U.S.C. § 1983; (2) conspiracy in violation of the First and Fourteenth Amendments under 42 U.S.C. § 1985; (3) failure to prevent conspiracy in violation of 42 U.S.C. § 1986; (4) denial of right to make and enforce contracts in violation of Plaintiff's age and race under 42 U.S.C. § 1981; (5) age, race, color and national origin

discrimination in violation of Title VII; (6) age, race, color and national origin discrimination, and breach of public policy of the State of Ohio in violation of Ohio Rev. Code § 4112.01 *et seq.*; (7) breach of contract; (8) promissory estoppel; (9) hostile work environment based on race discrimination in violation of Title VII; and (10) intentional infliction of emotional distress. (Pl.'s Am. Compl. at ¶¶ 22-45.)

Plaintiff named the following Defendants in her Amended Complaint: (1) Nationwide Children's Hospital, Inc; (2) Renee Wolfe, Program Manager; (3) Rick Miller, Senior Vice-President of Corporate Services; (4) Peggy Baker, Employee Health Manager; (5) Josette Alexander, Employee Relations Manager; (6) Keith Goodwin, former President and Chief Operations Officer; (7) Carol Wagner, former Employee Relations Coordinator; and (8) Janet Berry, Administrative Director of Perioperative Services.[3] (Am. Compl. at ¶ 5.)[4]

Defendant Children's Hospital moves to dismiss the following claims: (1) age discrimination under Section 1981; (2) age, color and national discrimination under Title VII; and (3) public policy violation under Ohio law. Additionally, Individual Defendants Wolfe and Berry move for dismissal of Plaintiff's claims for (1) age discrimination under Section 1981; (2) employment discrimination under Title VII; (3) hostile work environment under Title VII; and (4) public policy violation under Ohio law.

Plaintiff concedes that her claims under Section 1983, Section 1985, Section 1986 and intentional infliction of emotional distress should be dismissed, and does not oppose Defendants' Motion in this regard. She does not address Defendants' arguments as they

---

[3] Plaintiff does not oppose the Motion to Dismiss her Title VII claims against Defendants Miller, Baker, Alexanders, Goodwin, and Wagner. Plaintiff asserts, however, that her Title VII claims against Defendants Wolfe and Berry should remain. (Pl.'s Mem. in Opp. p. 1.)
[4] The Court's docket does not reflect that Defendant Carol Wagner has been served with process. Therefore, Ms. Wagner is not currently a party to this action.

relate to Counts IV, V and VI. The Court, nonetheless, analyzes these claims and the merits of Defendants' Motion to Dismiss them below.

## II.

First, Children's Hospital and the Individual Defendants contend that dismissal is appropriate under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). A facial attack challenges the pleading itself. On such an attack, the Court must take all material allegations in the complaint as true, and construe them in the light most favorable to the nonmoving party. *Id.* (citations omitted). A factual attack is a challenge to the factual existence of subject matter jurisdiction. "On such a motion, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citations omitted). In considering such a motion, "the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted). Plaintiff bears the burden of proving jurisdiction. *Id.*; *Moir v. Greater Cleveland Reg'l Transit Auth*, 895 F.2d 266, 269 (6th Cir. 1990).[5]

---

[5] Plaintiff submitted an affidavit with her Memorandum in Opposition. The Court has wide discretion to allow affidavits and other documentary evidence when reviewing a Rule 12(b)(1) motion. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990).

The Court notes that Plaintiffs' second Response in Opposition to Motion to Dismiss Portions of Plaintiff's First Amended Complaint (Doc. #42) has been stricken from the record. *See* Order granting Motion to Strike (6/12/08)(Doc. #45).

Federal Rule of Civil Procedure 12(b)(6) permits a defendant, by motion, to raise the defense of a plaintiff's "failure to state a claim upon which relief can be granted." When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the amended complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, the Court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See Scheuer*, 416 U.S. at 236. The Court cannot consider extrinsic evidence in determining whether a complaint sates a claim upon which relief can be granted. *Roth Steel. Prods*, 705 F.2d at 155. A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant; rather, Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 296 (2d ed. 1990); *United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978). The function of the complaint is to afford the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests. *Dunn v. State of Tenn.*, 697 F.2d 121, 125 (6th Cir. 1982).

Although the complaint must be liberally construed in favor of the party opposing the motion to dismiss, the Court will not accept conclusions of law or unwarranted inferences of fact cast in form of factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955, 1964-65 (2007);[6] *Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971). Plaintiffs' "obligation to provide the 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1964-65). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Id.* To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Bell Atlantic*, 127 S. Ct. at 1969.

### III.

**A.**     **Age Discrimination Claim Under 42 U.S.C. § 1981**

Plaintiff's Amended Complaint alleges that Children's Hospital and the Individual Defendants violated 42 U.S.C. § 1981 by discriminating against her on the basis of her age and race. Defendants maintain that this portion of the claim must be dismissed because Section 1981 does not protect against age discrimination.

---

[6] In the recent *Bell Atlantic* case, the United States Supreme Court abrogated the standard for disposition employed by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "[I]n appraising the sufficiency of the complaint, the accepted rule that the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Bell Atlantic*, 127 S. Ct. at 1964 (holding that the *Conley* "no set of facts" language "has earned its retirement" and "is best forgotten").

The protections afforded under Section 1981 extend to "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "It is well settled that § 1981 redresses only racial discrimination. . . ." *Leon T. v. Fed. Res. Bank*, 823 F.2d 928, 931 (6th Cir. 1987) (citing *Runyon v. McCrary*, 427 U.S. 160, 168 (1976)). Accordingly, Defendants' Motion to Dismiss that portion of Count IV that alleges age discrimination under Section 1981 is **GRANTED**.

**B.     Age Discrimination Under Title VII**

In their Motion to Dismiss, Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's age discrimination claim for a number of reasons. First, Plaintiff alleges that Children's Hospital discriminated against her on the basis of age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* ("Title VII"). Defendants argue that Title VII does not protect against age discrimination, and therefore, Count V must be dismissed as it relates to age.

The Title VII prohibits discrimination on the basis of "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Title VII-protection does not extend to age discrimination. *See Akar v. Prescott Hotel*, 2008 U.S. Dist. LEXIS 43066, *2, n.1 (N.D. Cal. 2008) (noting "that Title VII does not protect against age-based discrimination in employment; such claims are brought pursuant to the Age Discrimination in Employment Act."). Accordingly, Plaintiff's age discrimination claim under Title VII is dismissed and Defendants' Motion is **GRANTED** in this regard.

### C.     Age Discrimination Under the ADEA

Defendants also move to dismiss Plaintiff's age discrimination claim in Count V to the extent she seeks to pursue it under the Age Discrimination in Employment Act ("ADEA"). Plaintiff discusses the viability of her federal age discrimination claim at length in her Memorandum in Opposition. Any claim Plaintiff may have under the ADEA, however, is dismissed for several reasons. First, Plaintiff does not allege a violation of the ADEA in her Amended Complaint. Second, this Court has already dismissed her age discrimination claim under the ADEA in its Opinion and Order granting in part Defendants' first motion to dismiss Plaintiff's *pro se* Complaint, finding that she had failed to exhaust her administrative remedies. Finally, even if Plaintiff could surmount these procedural hurdles, her chief contention that the EEOC should have been prompted to investigate her age discrimination claim is without merit.

"Pursuant to the provisions of the Age Discrimination in Employment Act, an individual must first file a charge of discrimination with the EEOC as a jurisdictional prerequisite to filing a civil action." 29 U.S.C. § 623(d). *See Vinson v. Ford Motor Co.*, 806 F.2d 686, 688 (6th Cir. 1986); *see also Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998) ("The purpose of filing a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC so that the Commission may first attempt to obtain voluntary compliance with the law."). *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992). Plaintiff agrees that she did not allege that she suffered age-based discrimination during her employment with Children's Hospital on either of her two administrative charges before the EEOC, and that the "age" boxes on her charge forms are not checked. She instead maintains in her affidavit that the OCRC Intake

Representative refused to check the "age" discrimination boxes on two occasions, despite her repeated requests that he do so.

Plaintiff contends that, based on the information she gave the EEOC and the OCRC, the agencies should have conducted an investigation of an age discrimination claim. She relies on *Dixon v. Ashcroft*, 392 F.3d 212 (6th Cir. 2004) to support her position that she is not precluded by reason of failure to exhaust her administrative remedies because the EEOC should have investigated her age discrimination claim. *Dixon*, however, has limited application to the facts alleged here by Plaintiff. "The determinative inquiry . . . is whether [the claimant] alleged sufficient *facts* in his EEOC Complaint to put the EEOC on notice of his retaliation claim, despite that he did not check the appropriate box on the EEOC's Complaint of Discrimination form." *Dixon*, 392 F.2d at 217 (emphasis added).

Generally, "'the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination.'" *Id.* at 217 (quoting *Weigel v. Baptist Hosp.*, 302 F.3d 367, 380 (6th Cir.2002)); *see also Bray v. Palm Beach Co.*, 907 F.2d 150, 1990 WL 92672, *2 (6th Cir. June 29, 1990) (finding "the facts alleged in the body of the EEOC charge, rather than merely the boxes that are marked on the charge, are the major determinants of the scope of the charge"). "[W]here facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Weigel*, 302 F.3d at 380 (internal quotations omitted). This principle is known as the "expected scope of investigation test." *Id.*

Plaintiff did not recite any facts indicating that she suffered from age discrimination in either her first or second charge of discrimination. The allegations set forth in her first administrative complaint relate exclusively to a claim of racial discrimination. Her second administrative charge is limited exclusively to her assertion that Children's Hospital retaliated against her for filing a previous complaint.[7] These facts, therefore, were insufficient to put the agency on notice that Plaintiff perceived herself to be a victim of age discrimination, in addition to race discrimination or retaliation. *See Deravin v. Kerik*, 335 F.3d 195, 202 (2nd Cir. 2003) (court looked to the factual allegations made in the charge itself that described the discriminating conduct about which plaintiff was grieving). The fact that Plaintiff asked the Intake Clerk to check the age box on her charging documents does not put the investigators and the entire agency on notice of a different, uncharged claim if nothing in the factual content of the charging document gives any indication that such a claim may exist. The operative question is whether Plaintiff alleged sufficient facts in her complaints to put the EEOC on notice of age-discrimination claim. A review of Plaintiff's administrative complaints confirms that she put forward no facts relative to age discrimination. Accordingly, Plaintiff's age discrimination claim under the ADEA is **DISMISSED** without prejudice for failure to exhaust this claim.

### D. Color and National Origin Discrimination Claims

Also in Count V of her Amended Complaint, Plaintiff alleges that Children's Hospital discriminated against her based on color and national origin. Defendants

---

[7] Plaintiff provides her date of birth on both charges of discrimination, but neither of the charges contains a single reference to age discrimination. (Doc. #33-3; Doc. #33-5.)

maintain that the Court lacks subject matter jurisdiction over Plaintiff's national origin and color discrimination claims because Plaintiff failed to exhaust her administrative remedies. Defendants note that Plaintiff never filed an administrative charge of national origin and color discrimination with the OCRC or the EEOC, and that "[i]t is well established that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant has previously filed a claim in an EEOC charge or the claim can reasonably be expected to grow out of an EEOC charge." *Wolfe v. Norfolk Southern Ry. Co.*, 66 Fed. Appx. 532, 534 (6th Cir. 2003)(citing *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir.1998)).

A claim of discrimination based on race does not necessarily give rise to claims of color or national origin discrimination. *See Ang. v. Procter & Gamble Co.*, 932 F.2d 540, 546 (6th Cir.1991)(upholding district court's dismissal of a plaintiff's amended complaint including race discrimination charge when plaintiff's administrative complaint alleged discrimination based on national origin). Each of these claims is distinct under Title VII. An individual's national origin is defined as "the country where a person was born, or, more broadly, the country from which his or her ancestors came." *Ang*, F.2d at 546 (quoting *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973)). Color discrimination, as one court has stated, "arises when the particular hue of the plaintiff's skin is the cause of the discrimination . . . ." *Bryant v. Bell Atlantic Maryland, Inc.*, 285 F.3d 124, 133 n.5 (4th Cir. 2002).

Plaintiff identified herself as black in her first OCRC complaint.[8] She did not identify herself as African-American. Plaintiff did not pursue a color or national origin

---

[8] Plaintiff's second complaint for retaliation dated August 18, 2005 does not mention her race, national origin or color.

discrimination claim with OCRC and the EEOC. Nor has Plaintiff alleged that she was treated differently from other black employees at the Hospital because of the hue of her skin. Similarly, Plaintiff did not indicate that she perceived that her national origin played a part in her employer's alleged discrimination.

Indeed, Plaintiff checked "race" as the basis of her discrimination claim.[9] When asked to give the particulars of her claim of discrimination, she stated, "I believe that I was denied breaks, subjected to a continuous harassment and hostile work environment, and denied days off due to consideration of my race, Black . . . ." (Doc. #33-3.) Plaintiff did not check the boxes marked "color" or "national origin" as a basis for discrimination. There is no indication in her description of the particulars of her discharge that color or national origin was also a basis for the adverse working conditions.

The OCRC and EEOC issued their decisions based exclusively upon Plaintiff's claim of race discrimination and retaliation. When the EEOC issues a right-to-sue letter following an investigation, the charge set forth in the letter limits the scope of the subsequent civil action for relief to discrimination that is reasonably expected to grow out of the charge set forth in the letter. *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006); *Conner v. Illinois Dep't of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005). Plaintiff's claims of color and national-origin discrimination were not reasonably expected to grow out of her race-based claim.

Plaintiff failed to indicate that color or national origin was a basis for discrimination in her OCRC and EEOC complaint. Therefore, Plaintiff failed to exhaust her administrative remedies on these claim. This Court is without subject matter

---

[9] Again, nothing in Plaintiff's second complaint before the OCRC can be construed as related to anything but her allegations of retaliation for filing her first charge of discrimination.

jurisdiction to hear an unexhausted Title VII claim. *See, e.g., Weigel*, 302 F.3d at 379. Accordingly, Plaintiff's Title VII claims for color and national origin discrimination is not properly before this Court and therefore **DISMISSED**.

### E.     Liability for Individual Defendants

Defendants Wolfe and Berry are named in their individual and official capacities. These Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff's claims against the Individual Defendants are not cognizable under Title VII. Supervisors sued in their individual capacities are not "employers" under Title VII and similar civil rights statutes, and therefore, cannot be personally liable for damages under these statutes. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000); *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). "Moreover, the statutory scheme itself indicates that Congress did not intend to impose individual liability on individuals." *Wathen*, 115 F.3d at 405. Further, this Court has already ruled that "the Individual Defendants are not 'employers' and are not subject to individual liability under either Title VII or the ADEA." (Opinion and Order, 9/17/07 at 8.)

Nonetheless, Plaintiff asserts that the Individual Defendants are liable as "agents" of Children's Hospital. She maintains that these individual supervisors fall under the statute's definition of "employer," and are therefore subject to liability.[10] The inclusion of the word "agent" in the definition of employer does not extend liability to supervisors who would not otherwise be liable as an employer under Title VII. "The majority of

---

[10] "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e.

- 14 -

courts addressing this issue have concluded that 'the obvious purpose of this agent provision was to incorporate respondeat superior liability into the statute." *Wathen*, 115 F.3d at 405-06. The inclusion of the word "agent" in the definition of employer under Title VII does not permit supervisors who would not otherwise meet the definition of employer to be held individually liable under the statute. *Id.*

Additionally, Plaintiff contends that Ms. Berry and Ms. Wolfe are subject to individual liability because she is suing them in their "official capacity" as employers. Plaintiff's assertion is without merit. As stated in *Dyer v. Radcliffe*, 169 F. Supp. 2d 770, 774 (S.D. Ohio 2001), "a public official can be sued under Title VII in his or her official capacity as an employer." Neither Ms. Wolfe or Ms. Berry is a public official.

The Individual Defendants are not "employers" under any theory posited by Plaintiff, and are not subject to liability under Title VII. The Individual Defendants' Motion to Dismiss is **GRANTED** as it relates to Plaintiff's claims against them under Title VII.

F.  **Plaintiff's Public Policy Claim under Ohio Law**

In Count VI of her Amended Complaint, Plaintiff alleges that Defendants violated Ohio Rev. Code C§ 4112.01 *et seq.* by discriminating against her on the basis of age, race, color and national origin. Plaintiff also alleges that Ohio Revise Code § 4112.01 *et seq.* creates an implied cause of action against Children's Hospital and the Individual Defendants for violating the public policy of Ohio. (Am. Compl. at ¶¶ 34-35.) Children's Hospital and the Individual Defendants maintain that no such claim exists under Ohio law.

Ohio law does not "recognize a common-law claim when remedy provisions are an essential part of the statutes on which the plaintiff depends for the public policy claim and when those remedies adequately protect society's interest by discouraging the wrongful conduct." *Leininger v. Pioneer Nat'l Latex*, 115 Ohio St.3d 311, 317, 875 N.E.2d 36 (2007). The Ohio Supreme Court has explicitly rejected a cause of action for wrongful discharge when it is based on age discrimination. *Id.* at 319 (holding that plaintiff had no public policy cause of action for alleged age discrimination violation of O.R.C. § 4112). Plaintiff's public policy claim, as it relates to alleged discrimination based upon her age, is dismissed.

The same rationale precludes Plaintiff's common-law claim for race, color and national origin discrimination. Plaintiff cannot maintain a separate public policy discrimination claim because her allegations concern actions that are prohibited by federal and state employment-law statutes that provide adequate remedies. *See, e.g., Leininger*, 115 Ohio St.3d at 318, 875 N.E.2d 36 ("R.C. 4112.99 provides an independent civil action to seek redress for any form of discrimination identified in the chapter.")[11] The Ohio Supreme Court has construed § 4112.02 to allow for the full panoply of remedies, including compensatory and punitive damages. *Rice v. CertainTeed Corp.*, 704 N.E.2d 1217, 1221 (Ohio 1999). Thus, § 4112.02 provides broad relief which "is

---

[11] In *Leininger*, the Court held that Chapter 4112 of the Ohio Revised Code provides complete relief to age discrimination claimants. Therefore, a claim for violation of public policy based on age discrimination does not exist in Ohio. *Id.* at 38, Syl. Although *Leininger* addressed age discrimination, this Court has applied its holding in the context of disability discrimination, *Bialaszewski v. Titanium Metals Corp.*, No. C2:06-CV-1063, 2008 WL 2387059, *4 (S.D. Ohio June 11, 2008) and *Compton v. Swan Super Cleaners*, No. C2:08-CV-002, 2008 WL 1924251 (S.D. Ohio April 29, 2008); pregnancy discrimination, *Meyer v. Maxim Healthcare Serv., Inc.*, No. 1:06-CV-453, 2007 WL 3005947, *9 (S.D. Ohio Oct. 12, 2007); and disability discrimination, harassment, and retaliation, *Ferguson v. Quebecor World Johnson*, No. 01:06-CV621, 2008 WL 495612, *4 (S.D. Ohio Feb. 21, 2008).; *see also Lockett v. Marsh USA, Inc.*, No. 1:06CV00035, 2007 WL 2907894, at *13 n. 8 (N,D. Ohio Oct. 3, 2007) (suggesting but not holding that *Leininger* applies to race and gender discrimination claims).

sufficiently comprehensive to vindicate the policy goals set forth in that statute." *Barlowe v. AAAA Int'l Driving Sch.*, No. 19794, 2003 WL 22429543, at *8 (Ohio Ct. App. Oct. 24, 2003). The Court can detect no reason to suspect that the same remedial scheme is inadequate when applied to race discrimination claims. *See Barlowe*, 2003 WL 22429543, at *8 (affirming the dismissal of plaintiff's common-law tort claim for disability discrimination because § 4112 adequately protect society's interest).[12]

In light of the Ohio Supreme Court's holding in *Leininger*, this Court hereby dismisses Plaintiff's complaint for the common law tort of age, race, color and national origin discrimination in violation of public policy. The remedies contained in the federal and state statutes under which Plaintiff seeks to hold Defendants liable contain adequate remedies to address the wrongs and damages alleged by her

Accordingly, Defendants' Motions to Dismiss are **GRANTED** as it relates to Plaintiff's public policy claim under R.C. Chapter 4112.

### IV.

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. #33) is **GRANTED** to the extent of this Order.

**IT IS SO ORDERED.**

_8-13-2008_
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[12] Even before *Leininger*, Ohio courts were divided on the issue of whether a claimant could bring a concomitant cause of action for a violation of public policy based on Title VII. The Sixth Circuit affirmed the dismissal of claims of retaliatory discharge in violation of public policy because both Title VII and Ohio Rev. Code § 4112 provide adequate remedies to protect society's interests. *Carrasco v. NOAMTC, Inc.*, 124 Fed. Appx. 297, 304 (6th Cir. 2004).