IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sheila Wakefield, | : | |
| Plaintiff, | : | Civil Action 2:06-cv-01034-EAS-MRA |
| v. | : | Judge Sargus |
| | : | Magistrate Judge Abel |
| Children's Hospital, Inc., Renee Wolfe, Janet Berry, Rick Miller, Keith Goodwin, Carol Wagner, Peggy Baker, and Josette Alexander, | : | |
| Defendants. | | |

## ORDER

This matter is before the Court on Plaintiff's December 2, 2008 Motion for Leave to Dismiss (Doc. # 56). Plaintiff, Sheila Wakefield, moves the Court pursuant to Fed. R. Civ. P. 41(a)(2) for leave to dismiss her state law claims against Defendant, Children's Hospital, *et al.*, without prejudice. (Doc. # 56). Plaintiff and Defendants both agree to dismissal of Plaintiff's federal claims with prejudice. (Doc. # 56, 57). Defendants agree to dismissal of Plaintiff's state law claims conditioned upon Plaintiff's agreement not to bring a retaliation claim in state court. (Doc. # 57). Additionally, Defendants request that this Court impose costs on Plaintiff for expenses incurred due to litigation of the federal suit. (Doc. # 57).

For the reasons that follow, the Court **GRANTS** Plaintiff's motion to dismiss her state law claims without prejudice, on the condition that discovery in this case may be used in subsequent litigation involving the parties, and **DENIES** Defendants' demand for costs. Both

parties agree to dismissal of Plaintiff's federal claims with prejudice. Accordingly, the Court also **GRANTS** Plaintiff's motion to dismiss her federal claims with prejudice.

## I. Plaintiff's Motion to Dismiss State Law Claims Without Prejudice

### A. Standard

Preliminarily, the Court notes that Rule 41(a)(1) is inapplicable in the current instance because Defendants have filed an answer and will not stipulate to dismissal. Plaintiff's motion asks this Court for leave to dismiss and outlines the applicable law for such a request, contrary to Defendants' contention that Plaintiff's motion is actually a late attempt to amend the pleading. Plaintiff, under Federal Rule of Civil Procedure 41, has a right to ask the Court to dismiss her claims. Accordingly, the Court will rule on Plaintiff's motion pursuant to Rule 41(a)(2), which provides in relevant part:

> Except as provided in paragraph (1) . . . an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The decision to grant or deny a plaintiff's motion to voluntarily dismiss a case is within the discretion of the court. *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "[T]he purpose of the rule is to limit the right of dismissal to an early stage of the proceedings." *D.C. Elecs., Inc. v. Nartron Corp.*, 511 F.2d 294, 296-97 (6th Cir. 1975). By requiring a court's approval for voluntary dismissal after an answer or motion for summary judgment has been filed, Rule 41 protects parties adverse from the plaintiff from unfair treatment. *Grover*, 33 F.3d at 718. Dismissal pursuant to Rule 41(a)(2) is improper when the nonmoving party would suffer "plain legal prejudice" as a result. *Id.*

The prospect of litigating a second lawsuit, in itself, does not make dismissal under Rule 41(a)(2) improper per se. *See id.*; *see also Luckey v. Butler County*, No. 1:05-cv-388, 2006 WL

91592, at *2 (S.D. Ohio Jan. 13, 2006). In determining whether a defendant would suffer "plain legal prejudice," a court should consider the following factors: (1) the amount of time, effort, and expense that the defendants have incurred in trial preparation; (2) any excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to dismiss; and (4) whether a defendant has filed a motion for summary judgment. *Grover*, 33 F.3d at 718.

### B. Application

The Court's review of the factors listed above reveals that Defendants would not suffer plain legal prejudice if the Court grants Plaintiff's motion to dismiss without prejudice. With regard to the factors: the second, third, and fourth factors weigh in favor of Plaintiff. There is no evidence that Plaintiff lacked diligence in prosecuting the action, Plaintiff has offered a sound explanation for dismissal, and Defendants have not filed a motion for summary judgment.

Plaintiff's reasons for dismissal are persuasive. The Sixth Circuit Court of Appeals in *Maldonado v. Thomas M. Cooley Law Sch.*, 65 Fed. Appx. 955, 957 (6th Cir. 2003), held that the district court did not abuse its discretion in denying a plaintiff's motion for voluntary dismissal because discovery was closed, the plaintiff waited until after defendants moved for judgment on the pleadings to file his motion, and plaintiff's explanation of his need for the dismissal was convoluted. *Id.* at 957. Furthermore, the plaintiff acted in bad faith during the discovery process. *Id.* In applying the four factors, the district court found that granting plaintiff's voluntary dismissal was not warranted. Unlike the plaintiff in *Moldonado*, Plaintiff here acted in good faith in pursuing her claim against Defendants, discovery could be used in the state court litigation, Defendants have not filed a motion for summary judgment, and Plaintiff's explanation for the voluntary dismissal is sufficient. Her desire to litigate her claims in the state forum is of

obvious annoyance to the Defendants, but an annoyance to Defendants is not a legal basis for proving "plain legal prejudice."

Defendants argue that plaintiff did not pursue her claims diligently, and therefore, Defendants have suffered plain legal prejudice. Defendants note that Plaintiff has requested time extensions and postponed the preliminary pretrial conference. Defendants, however, fail to note they did not oppose Plaintiff's request to postpone the first pretrial conference and requests for extension of time. Moreover, it is not uncommon for parties to request time extensions or delay certain pre-trial meetings due to unforeseen circumstances. These three requests do not amount to a lack of diligence on behalf of the Plaintiff in pursuing her case.

With regard to the first factor, the Court recognizes that Defendants have invested much time, effort, and expense in litigating this action. Defendant's primary reason for opposing Plaintiff's motion is that they do not want a retaliation claim added to the myriad of claims the Plaintiff has already asserted against them. However, courts have consistently held that "plain legal prejudice" does not result merely from the prospect of a second lawsuit on identical issues. *Lones v. South Central Power Co.*, No. Civ. A. 204CV883, 2005 WL 1309088, at *1 (S.D. Ohio May 31, 2005); *B & J Mfg. v. D.A. Frost Industries, Inc.*, 106 F.R.D. 351, 352 (N.D. Ohio 1985). Defendants also contend that dismissal would be prejudicial because they have "exerted substantial effort and expense defending themselves in this lawsuit for the past two years." (Doc. # 57, at 6). Courts have held that this argument is insufficient. *B & J Mfg.*, 106 F.R.D. at 352 ("[T]he advanced state of the litigation and the legal and other expenses incurred . . . do not mandate a denial of plaintiff's motion . . . .") (quoting *Louis v. Bache Group, Inc.*, 92 F.R.D. 459, 461 (S.D.N.Y. 1981)). Although the Court is cognizant of Defendants' interests, Defendants have not proffered a sufficient justification for this Court to deny Plaintiff's motion.

As to Defendants' concerns related to the addition of a new claim for retaliation, the Court notes that this cause of action arises from substantially the same facts and circumstances as the Plaintiff's original claims. Not only could the parties resume the litigation in state court at substantially the same point as where it has left off in this Court, but the discovery and evidence adduced in this litigation could be applied to the retaliation claim, which arose from the same or similar circumstances as Plaintiff's original claims. Again, the possibility of having to conduct additional discovery, if the state court permits it, on a new claim does not demonstrate "plain legal prejudice" for the purpose of denying Plaintiff's motion.

### C. Conditions

The extant question then becomes whether the dismissal without prejudice warrants the attachment of conditions. As noted, Defendants request that, if the Court permits dismissal, it enjoin Plaintiff from filing a claim for retaliation along with her original claims in state court. This Court, however, has not found any mandatory authority that would allow it to enjoin the Plaintiff in this way. Moreover, the Defendants have not provided any supporting authority for this position. While the Court has broad discretion in fashioning a remedy so as to avoid prejudice to either party, the Court cannot take away a Plaintiff's right to bring a "non-litigated" claim in another jurisdiction. Therefore, this Court will not mandate as a condition of its Order permitting Plaintiff to voluntarily dismiss her claims that Plaintiff is enjoined from filing any claim she has not yet litigated. Of course, nothing in this Order forecloses Defendants from asserting any defenses it may have to such claim in the state court.

As the Plaintiff asserts in both her Motion and Reply Memorandum, discovery from the federal litigation could be and should be used in the subsequent state court litigation. The Court finds that this condition is fair, and supports the interests of judicial economy and efficiency.

The Court, therefore, imposes as a condition to the voluntary dismissal that the parties use any discovery material assembled in this case in the subsequent litigation.

## II. Defendants' Demand for Costs

Defendants have demanded that voluntary dismissal be conditioned upon the payment of a portion of their costs. Defendants cite Fourth Circuit and Eastern District of Michigan case law in support of their position, asserting that "such conditions should be imposed as a matter of course in most cases." (Doc. # 57, at 8). Plaintiff counters that, because she brings her motion for dismissal in good faith, costs are inappropriate.

Although courts frequently impose defense costs on plaintiffs who are granted leave to voluntarily dismiss their claims, no court of appeals has held that such costs are mandatory. *DWG Corp. v. Granada Investments, Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992) (*citing Stevedoring Services of America v. Armilla Intern.*, 889 F.2d 919, 921 (9th Cir.1989)). The Court finds Plaintiff's position persuasive. Nothing in the record suggests that Plaintiff's lawsuit is less than a *bona fide* effort to seek redress; nothing presently indicates that she brought her case in an effort to harass, embarrass or abuse either the named Defendants or the civil process; nor is there any evidence in the record which indicates that the Plaintiff deliberately sought to increase the Defendants' costs by unduly protracting the litigation. *Blackburn v. City of Columbus, Ohio*, 60 F.R.D. 197, 198 (S.D. Ohio 1973); *see also Even-Cut Abrasive Band & Equipment Corp. v. Cleveland Container Co.*, 171 F.2d 873 (6th Cir. 1949); *Meltzer v. National Airlines Co.*, 31 F.R.D. 47 (E.D.Pa.1962).

In the absence of such showings, the Court finds that the American rule regarding attorneys' fees, which represents the traditional position that a litigant, who files a lawsuit in good faith, should not be economically penalize in this fashion, should apply in this case. *See*

*Smoot v. Fox*, 353 F.2d 830, 832-833 (6th Cir. 1965); *Lunn v. United Aircraft Corporation*, 26 F.R.D. 12, 17 (D.Del.1960). For this reason, Defendants' request for costs associated with defending this federal case is denied.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for leave to dismiss without prejudice pursuant to Fed. R. Civ. Pro. 41(a)(2) (Doc. 56) is **GRANTED,** on the condition that any discovery material assembled by the parties in this case may be used in subsequent litigation involving the parties.

United States District Judge
3-6-2009